

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,440-02

### EX PARTE JOSE A. ESCALANTE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2009CR11013-W2 IN THE 379TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and sentenced to twenty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Escalante v. State*, No. 04-12-00408-CR (Tex. App.—San Antonio June 12, 2013) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered ineffective assistance. The trial court made findings of fact and conclusions of law and recommended that this Court dismiss this application because it failed to comply with Rule of Appellate Procedure 73.1. We hold

that this application complies with Rule 73.1.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether the affidavit trial counsel filed is credible. The trial court shall then determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: February 1, 2017
Do not publish